UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ISAAC HARRIS, on behalf of
himself in Pro Per,

        Plaintiff,

v.

THE MEMBERS OF THE BOARD
OF GOVERNORS OF WAYNE
STATE UNIVERSITY, et al.,

        Defendants
                                      /

CASE NO. 10-11384

HON. MARIANNE O. BATTANI

**ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF
DEFAULT AS TO DEFENDANT CHARLES J. PARRISH
AND MOTION FOR DEFAULT JUDGMENT**

Now before the Court is Plaintiff John Harris' Motion for Entry of Default as to Defendant Charles J. Parrish (Doc. No. 32), and Motion for Default Judgment Against Defendant Charles J. Parrish (Doc. No. 38). The Court has reviewed all of the pleadings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons that follow, Plaintiff's motions are **DENIED**.

**I. BACKGROUND**

Plaintiff filed suit on April 20, 1010, alleging that numerous Defendants discriminated against him when they denied him admission to graduate school. Certificates of Service for Defendant was filed on May 6, 2010. See Doc. No. 25. Plaintiff alleges that although an answer was due on June 10, 2010, none has been filed by Parrish.

In his request for entry of default, Harris asserts that Parrish has failed to appear,

plead or otherwise defend within the time allowed, and therefore, is in default. Doc. No. 32, Affidavit in Support of Motion for Entry of Default at ¶ 5. While the motion was pending, Plaintiff filed a Motion for Default Judgment. Doc. No. 38. Harris requests a judgment of $2,233,600 in compensatory damages and $2 million in punitive damages.

## II. STANDARD OF REVIEW

Rule 55 sets forth a two-step process for a party seeking default judgment: entry of default, followed by entry of default judgment. FED. R. CIV. P. 55. First, after a defendant has failed to plead or otherwise defend against an action, a plaintiff may request that the clerk of the court enter default against that defendant. FED. R. CIV. P. 55(a). Second, after the clerk's entry of default, in those actions where a plaintiff's claim is not for a sum certain, the plaintiff may apply to the court for entry of default judgment. R ule 55(b)(2).

## III. ANALYSIS

The time for filing responsive pleadings is impacted when a defendant files a timely motion to dismiss. Specifically, Federal Rule of Civil Procedure 12(a)(4) notes that the time to file an answer to a complaint is postponed, generally, until fourteen days after the court decides a motion to dismiss filed under Rule 12.

Here, on May 21, 2010, the Wayne State University Defendants filed a Motion to Dismiss for Failure to State A Claim. Doc. No. 29. Parrish is a professor at Wayne State University and is represented by the Office of the General Counsel Wayne State University. Parrish is named as a movant in the body of the motion. Nevertheless, below the signature line for counsel, the following statement is included, "Attorney for all Defendants except Michael Nowakowski and Charles Parrish." See Doc. No. 29.

2

Plaintiff's continued reliance on this misstatement as a basis to assert entitlement to default is misplaced. Without question, Parrish filed a motion to dismiss under Rule 12(b)(6). Without question, Parrish is not required to file an answer at this time. See Phelps v. Am. Gen. Fin. Servs., No. 08-10552, 2008 WL 3978318, *3 (E.D. Mich. Aug. 22, 2008) ("[A] defendant may properly defend as required by Rule 55(a) in ways other than filing an answer, such as by filing a motion to dismiss for failure to state a claim.") (citation omitted).

Accordingly, Parrish is not in default, and Harris is not entitled to either an entry of default or default judgment.

## IV. CONCLUSION

Now, therefore, the Court **DENIES** Plaintiff's motions. In light of the Court's decision, Plaintiff's Motion Still Requesting Default Judgment against Parrish (Doc. No. 44) is **DISMISSED** as moot.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Date: August 25, 2010

**CERTIFICATE OF SERVICE**

Copies of this Order were mailed and/or electronically filed to counsel of record and Plaintiff on this date.

s/Bernadette M. Thebolt
Case Manager
