**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN ISAAC HARRIS, on behalf of himself in Pro Per,

              Plaintiff,

v.

THE MEMBERS OF THE BOARD OF GOVERNORS OF WAYNE STATE UNIVERSITY, et al.,

              Defendants
_____/

CASE NO. 10-11384

HON. MARIANNE O. BATTANI

## **OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Now before the Court is Defendant Michael G. Nowakowski and the Federal Mediation & Conciliation Service's Motion to Dismiss (Doc. No. 35).[1] The Court has reviewed all of the pleadings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons that follow, Defendants' motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff filed suit on April 20, 1010, alleging that numerous Defendants discriminated against him when Wayne State University denied him admission to graduate school. According to the Complaint, after Plaintiff was denied admission, he filed a complaint with the "Equality of Opportunity Office" at Wayne State University. Compl., ¶¶ 32, 33. Thereafter, Plaintiff filed a complaint with the Civil Rights Office of the U.S. Department of

---

[1]Although FMCS has moved to dismiss Plaintiff's complaint, it is not named as a defendant in the Complaint.

Education, alleging race, age, and sex discrimination. Id., ¶¶ 34, 35. The United States Department of Education, Office of Civil Rights referred Plaintiff's allegations to the Federal Mediation and Conciliation Service (FMCS). Id., ¶ 36. FMCS is an independent federal agency created by the Labor Management Relations Act of 1947. See 29 U.S.C. § 172 (2006). Defendant Michael Nowakowski is a Commissioner with the FMCS, and was assigned to this case as a federal mediator. Compl., ¶ 36. Nowakowski disclosed at the beginning of the mediation session that he works as a part-time professor for Wayne State University. Id., ¶¶ 37, 38.

On June 17, 2009, Plaintiff signed a mediation agreement, reflecting that mediation is voluntary and may be terminated at any time. Compl., Ex. 10. The Agreement includes a hold harmless claim "for damages for any act or omission occurring during, or in connection with, the mediation process." Pl.'s Ex. 10.

Plaintiff contends that it was a conflict of interest for Nowakowski to mediate the case, and Nowakowski should have removed himself from the mediation process. Defendants seek dismissal for lack of subject matter jurisdiction and/or for failure to state a claim for which relief may be granted.

## II. STANDARD OF REVIEW

A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir.2004). Facial attacks, such as the one here, question the sufficiency of the pleading. United States v. Ritchie, 15 F.3d 592, 598 (6th Cir.1994). Review of such a

motion must take the allegations in the complaint as true and construe them in the light most favorable to the nonmoving party. Id. The party opposing a factual Rule 12(b)(1) motion has the burden of proving jurisdiction and may not rest on factual assertions in its pleadings. Moir, 895 F.2d at 269.

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must show that his complaint alleges facts which, if proven, would entitle him to relief. First Am. Title Co. v. DeVaugh, 480 F.3d 438, 443 (6th Cir. 2007). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997). When reviewing a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombley, 127 S.Ct. 1955, 1974 (2007). "Under general pleading standards, the facts alleged in the complaint need not be detailed, although 'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.' " Twombley, 127 S.Ct. at 1964-65.

## III. ANALYSIS

Defendants challenge subject matter jurisdiction, maintaining that subject matter jurisdiction does not exist because Plaintiff's complaint of discrimination is directed to Wayne State University. Harris' claim that mediation was not conducted in his best interest raises no federal question subject matter jurisdiction.

Even if the Court were in agreement with Defendants' characterization, the argument ignores 28 U.S.C. § 1367, which provides that absent exceptions not applicable here,

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

In this case, Harris raises claims of discrimination in violation of federal law–matter over which the Court has original jurisdiction. Therefore, the Court denies the request to dismiss for lack of subject matter jurisdiction, and directs its attention to the request for dismissal under Rule 12(b)(6).

According to Defendants, Plaintiff's allegations do not establish a claim against Nowakowski. In his response, Harris maintains that Nowakowski "knowingly took the assign[ment]" despite his employer's involvement. He "could have just refused to handle the said mediation process, but, want[s] to cry to his court because, he screwed up big time." Doc. No. 41, p. 2.

In this case, even assuming that Nowakowski's position as a part-time faculty member at Wayne State University influenced the mediation process, Plaintiff signed an agreement after Nowakowski disclosed his affiliation with Wayne State University. Harris agreed to proceed with the mediation and signed the Mediation Agreement on June 17, 2009. The Mediation Agreement identifies the voluntary nature of the mediation, and includes the following paragraph, which is relevant to the claims here. In paragraph 6, Harris agrees that "FMCS and its employees will be held harmless of any claim for

damages for any act or omission occurring during, or in connection with, the mediation process." Compl., Ex. 10. Accordingly, Harris cannot proceed against Nowakowski based on the allegations in the Complaint.

## IV. CONCLUSION

Now, therefore, the Court **GRANTS** Defendants' motion**.** The claims against Nowakowski are dismissed.

**IT IS SO ORDERED.**

                      s/Marianne O. Battani
                      MARIANNE O. BATTANI
                      UNITED STATES DISTRICT JUDGE

Date: November 19, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or electronically filed to counsel of record and Plaintiff on this date.

                      s/Bernadette M. Thebolt
                      Case Manager