**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN ISAAC HARRIS, on behalf of himself in Pro
Per,

                    CASE NO. 10-11384

          Plaintiff,          HON. MARIANNE O. BATTANI

v.

THE MEMBERS OF THE BOARD OF
GOVERNORS OF WAYNE STATE UNIVERSITY,
et al.,

          Defendants

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING**
**IN PART DEFENDANTS' MOTION TO DISMISS**

Now before the Court is Defendants Members of the Board of Governors of Wayne

State University, Richard Bernstein, Tina Abbott, Eugene Driker, Debbie Dingell, Diane L.

Dunaskiss, Paul E. Massaron, Annetta Miller, and Gary S. Pollard in their Individual and

official capacities, Jay Noren, Individually and in his official capacity as President of Wayne

State University, Dr. Nancy S. Barrett, in her official capacity as Provost and Senior Vice

President for Academic Affairs, Robert L. Thomas, in his official capacity as Dean, College

of Liberal Arts and Sciences, Mark Wardell, in his official capacity as Associate Provost

and Dean of the Graduate School, Christopher Ones, in his capacity as Director of Office

of Equal Opportunity, Tommy Martin, in his capacity as Administrative Assistant, Amy

Stirling, in her capacity as Equal Opportunity Specialist, Daniel S. Gellar, in his capacity

as Professor & Chair, Political Science, Alvin Lawrence Scaff, in his capacity as Professor,

Department of Political Science, Andrea Harp, in her capacity as ASO I, College of Liberal

Arts and Sciences, Dean's Office/Student Services, Patricia Robinson, in her capacity as Academic Services, Charles J. Parrish, in his capacity as Professor, Richard Clement Elling, in his capacity as Professor, Charles David Elder, in his capacity as Professor, and Kurt Kruschinski, in his capacity as Associate Registrar Academic Records' (hereinafter WSU Defendants) Motion to Dismiss for Failure to State a Claim (Doc. No. 29). The Court has reviewed all of the pleadings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons that follow, Defendants' motion is **GRANTED in part and DENIED in part**.

## I. BACKGROUND

Plaintiff filed suit on April 20, 1010, alleging that numerous Defendants discriminated against him when Wayne State University denied him admission to graduate school. Plaintiff, a black male, applied to the Political Science Graduate Program as a transfer student from the Education Graduate Program on July 30, 2008. Compl., ¶ 24. The Graduate School admissions process is a rolling admissions, and Plaintiff could apply at any time during the year. Id., Exs. 11-13. At the time of Harris' application, seven other applications for the Spring 2009 semester were pending. Three of the applicants were admitted, two males and one female. Harris, who was the sole transfer student, was denied admission. Compl., Ex. 18.

According to Harris, his GPA met the minimum requirements for the Political Science Department. After Plaintiff was denied admission, he filed a complaint with Wayne State University. Compl., ¶¶ 32, 33. Thereafter, Plaintiff filed a complaint with the Civil Rights Office of the U.S. Department of Education, alleging race, age, and sex discrimination. Id., ¶¶ 34, 35. The United States Department of Education, Office of Civil

Rights referred Plaintiff's allegations to the Federal Mediation and Conciliation Service. Id., ¶ 36. Plaintiff alleges that the mediation process was defective because the mediator, who worked part-time for the University, was biased against Plaintiff. Id., ¶¶ 38-47.

According to Plaintiff, he had completed all necessary criteria for admission to the program in 2009, as reflected by the fact that he had been admitted in 1987. Id., ¶59, and Ex. 14, ¶ 5. The heart of his claim is found in paragraph 61, wherein he alleges,

> Fact, how can the three applicants be more superior in qualifications than the complainant if they do not hold a Graduate Degree from any college or university or the type of community background of the complainant. The Plaintiff would question this as if the Director and the committee are only making this statement base[d] on [ ] race.

Plaintiff further alleges that use of his GPA as a basis for denying admission is "a cover up" for the race discrimination that occurred in 1987, for which he filed a state court law suit on July 7, 1988. Compl., ¶¶ 62-65, Ex. 14.

## II. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must show that his complaint alleges facts which, if proven, would entitle him to relief. First Am. Title Co. v. DeVaugh, 480 F.3d 438, 443 (6th Cir. 2007). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997). When reviewing a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombley, 127 S.Ct. 1955, 1974 (2007). "Under general pleading standards, the facts alleged in the complaint need

not be detailed, although 'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.' " <u>Twombley</u>, 127 S.Ct. at 1964-65.

## III. ANALYSIS

In their Motion to Dismiss for Failure to State a Claim, Defendants maintain that Plaintiff has not stated a claim of race, sex, or age discrimination, and that the Individual Defendants should be dismissed because there is no liability for individuals under the governing law. The Court discusses both arguments below.

### A. Viability of Discrimination Claims

Plaintiff's Complaint identifies Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, as well as the First and Fourteenth Amendments as the law upon which he brings his claims. Section 2000d, provides that no person shall, "on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity" covered by Title VI. The Fourteenth Amendment's Equal Protection Clause provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The Clause "directs that 'all persons similarly circumstanced shall be treated alike.' " <u>Plyler v. Doe</u>, 457 U.S. 202, 216 (1982) (quotation omitted). Although Plaintiff fails to include any citation to the law relative to his other claims of discrimination in education, Defendants identify Title IX, 20 U.S.C. § 1681, and 42 U.S.C. § 6101, as statutes that govern his claims of sex discrimination and age discrimination respectively.

The analysis of the viability of claims brought under these statutes is the same. <u>See</u> <u>Maislin v. Tennessee State Univ.</u>, 665 F. Supp. 2d 922, 928-29 (M.D. Tenn. 2009) (noting

"Congress modeled Title IX after Title VI of the Civil Rights Act of 1964, and passed Title IX with the explicit understanding that it would be interpreted as Title VI was"). The Court's analysis likewise applies to a claim brought under the Fourteenth Amendment's Equal Protection Clause. Elston v. Talladega Cnty. Bd. of Educ., 997 F.2d 1394, 1405 n. 11 (11th Cir. 1993) (holding that the Title VI analysis "duplicate[s] exactly [an] equal protection analysis)".

In order to establish a violation , Harris must demonstrate that the challenged action was motivated by an intent to discriminate because of race, sex or age. See Buchanan v. City of Bolivar, 99 F.3d 1352, 1356 (6th Cir. 1996). In the absence of direct evidence of discrimination, a plaintiff can use the burden shifting framework set forth in McDonnell Douglas v. Green, 411 U.S. 792 (1973); Paasewe v. Ohio Arts Council, No. 02-3843, 2003 WL 22017539 (6th Cir. August 25, 2003) (applying McDonnell Douglas framework to a Title VI claim)). If he proves by a preponderance of evidence a prima facie case of discrimination, then the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the discharge. The burden then shifts back to the plaintiff who has the opportunity to prove that the reasons provided by the defendant are mere pretext for discrimination.

Here, Defendants characterize Plaintiff's allegations as unsubstantiated, speculative, and insufficient to establish a prima facie case. The Court disagrees. Harris has alleged a prima facie case of discrimination under McDonnell Douglas. Specifically, the Complaint and exhibits include allegations that Harris (1) is a member of a protected class; (2) that he was qualified for admission; (3) that he suffered an adverse decision; and (4) that similarly situated non-protected applicants were treated more favorably.

Also included in the Complaint are Defendants legitimate reasons for denying his admission. Harris was denied admission because "of his academic record and lack of preparation in Political Science, which included two grades of "C" in graduate courses." Compl., Ex. 4.

Finally, Harris alleges that the reasons were pretextual. Nevertheless, Defendants ask the Court to conclude based on Exhibit 18, that Plaintiff was not similarly situated to members of the nonprotected class. Exhibit 18 is the Decision of the United States Department of Education Office for Civil Rights, concluding there was insufficient evidence to find the University discriminated against Harris. If the Court were to adopt this decision as dispositive on a motion to dismiss for failure to state a claim, then no plaintiff could proceed once an investigative agency found no basis for the claim. Defendants cite no authority to support the position they advance, and the Court denies the request.

## B. Individual Liability

Next, Defendants ask the Court to dismiss all of the individual WSU defendants under Title VI, Title IX, and 42 U.S.C. § 610 because the statutes forbid discrimination by recipients of federal funding. Those courts that have considered the language have concluded that individuals may not be held liable for violations. Shotz v . City of Plantation, Fla., 344 F.3d 1161 (11th Cir. 2003). This authority does not require dismissal of the individual Defendants. Plaintiff has sued the individual Defendants in their official capacity as well. The Supreme Court has stated that a claim against a defendant in his/her official capacity, "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). This Court recognizes that the plaintiff must look to the government entity itself and not the

6

official when seeking damages. Nevertheless, Harris may bring his statutory claims against individuals in their official capacity. For example, in <u>Franklin v. Gwinnett Co. Public Sch.</u>, 503 U.S. 60 (1992), the plaintiff brought suit under Title IX against the school and one of its officials for failing to act against a teacher who allegedly sexually harassed her. The Court allowed suit to proceed against the individual in his official capacity. Finally, Defendants have not raised the issue of individual capacity relative to the Fourteenth Amendment claim.

Accordingly, Plaintiff cannot proceed against the Wayne State Defendants in their individual capacities on his statutory claims.


## IV. CONCLUSION

Now, therefore, the Court **GRANTS in part and DENIES in part** Defendants' motion to dismiss.

**IT IS SO ORDERED.**

s/Marianne O. Battani

MARIANNE O. BATTANI

UNITED STATES DISTRICT JUDGE

Date: <u>November 19, 2010</u>

### CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or electronically filed to counsel of record and Plaintiff on this date.

s/Bernadette M. Thebolt

Case Manager