**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN ISAAC HARRIS, on behalf of himself in Pro Per,

        Plaintiff,

v.

THE MEMBERS OF THE BOARD OF GOVERNORS OF WAYNE STATE UNIVERSITY, et al.,

        Defendants
                              /

CASE NO. 10-11384

HON. MARIANNE O. BATTANI

**OPINION AND ORDER DENYING DEFENDANTS' MOTION**
**REQUESTING BOND FOR COSTS ON APPEAL**

Now before the Court is Defendants Members of the Board of Governors of Wayne State University, Richard Bernstein, Tina Abbott, Eugene Driker, Debbie Dingell, Diane L. Dunaskiss, Paul E. Massaron, Annetta Miller, and Gary S. Pollard in their Individual and official capacities, Jay Noren, Individually and in his official capacity as President of Wayne State University, Dr. Nancy S. Barrett, in her official capacity as Provost and Senior Vice President for Academic Affairs, Robert L. Thomas, in his official capacity as Dean, College of Liberal Arts and Sciences, Mark Wardell, in his official capacity as Associate Provost and Dean of the Graduate School, Christopher Jones, in his capacity as Director of Office of Equal Opportunity, Tommy Martin, in his capacity as Administrative Assistant, Amy Stirling, in her capacity as Equal Opportunity Specialist, Daniel S. Gellar, in his capacity as Professor & Chair, Political Science, Alvin Lawrence Scaff, in his capacity as Professor, Department of Political Science, Andrea Harp, in her capacity as ASO I, College of Liberal

Arts and Sciences, Dean's Office/Student Services, Patricia Robinson, in her capacity as Academic Services, Charles J. Parrish, in his capacity as Professor, Richard Clement Elling, in his capacity as Professor, Charles David Elder, in his capacity as Professor, and Kurt Kruschinska, in his capacity as Associate Registrar Academic Records' (hereinafter WSU Defendants) Motion Requesting Bond for Costs on Appeal (Doc. No. 75). The Court has reviewed all of the filings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons that follow, Defendants' motion is **DENIED**.

## I. BACKGROUND

Plaintiff filed suit on April 20, 1010, alleging that numerous Defendants discriminated against him when Wayne State University denied him admission to graduate school. The Court awarded summary judgment to Wayne State Defendants, finding that Plaintiff could not, as a matter of law, show that he was qualified for admission, a necessary element to of his prima face case under McDonnell Douglas Corp. V. Green, 411 U.S. 791, 802 (1973). Further, the Court found that even if Harris had been able to establish a prima facie case, he lacked evidence of pretext. Harris filed a Notice of Appeal.

Thereafter, Defendants requested a bond in the amount of $15,000, as security for costs.

## II. STANDARD OF REVIEW

Rule 7 of the Federal Rules of Appellate Procedure reads, "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."

### III. ANALYSIS

Rule 7 does not address either the need for a bond or the amount of bond that should be required. Instead, these matters are discretionary. <u>Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.</u>, No. 04-CV-74891, 2008 WL 2415340 (E.D. Mich., June 12, 2008) (quoting <u>Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth.</u>, 193 F.R.D. 26, 43 (D. P.R. 2000), <u>aff'd</u>, 295 F.3d 108 (1st Cir. 2002); <u>see also</u>, <u>Young v. New Process Steel, LP</u>, 419 F.3d 1201, 1208 (11th Cir. 2005)).

Courts review several factors in deciding whether to require a bond, including: "(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct." <u>Chiavernini</u>, (quoting <u>Baker v. Urban Outfitters, Inc.</u>, No. 01 Civ. 5440, 2006 WL 3635392, at *1 (S.D.N.Y. Dec. 12, 2006) (citing cases).

Here, Defendants argue that they will be entitled to costs under Appellate Rule 38, which authorizes the court of appeals to award "just damages and single or double costs to the appellee" for a frivolous appeal. Fed. R. App. P. 38. Wayne State Defendants ask for a bond in the amount of $15,000; however, they have not offered any support for the amount requested. Given their position that the appeal is frivolous, it is unlikely that the cost of defending the appeal would reach the level requested.

Here, the Court concludes that the requirement of a bond is not appropriate**.** Plaintiff has not proceeded in forma pauperis, and there is no evidence before the Court indicating that he is unable to pay.

**IT IS SO ORDERED.**

                                        s/Marianne O. Battani
                                        MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE

Date:  October 5, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or electronically filed to counsel of record and Plaintiff on this date.

                                        s/Bernadette M. Thebolt
                                        Case Manager